CALEF v. BRINLEY & a.

STEVENS v. KENNARD & a.

A statute lien, which has attached to property in the hands of the vendee, is not defeated by a subsequent rescission of the contract of sale by the vendor, nor by a writ and judgment in replevin for the same property, in favor of the vendor.

When the contract under which the lien arises is entire, the statute time for securing the lien begins to run from the completion of the contract work.

A lien is not waived by taking a note, unless it be taken in payment, or the time of payment of the claim, which the lien secures, be thereby extended.

The first of these actions is ASSUMPSIT, to secure a lien for hauling logs; the second is TROVER, for conversion of the same logs.

Calef, under a contract with the defendants, Brinley & James, hauled to the bank of Merrimack river logs at $2.50 per thousand feet, which the Kennards had sold to them, to be cut by the Kennards, and taken by Brinley & James on the lot where they grew. The Kennards cut the trees, and Calef hauled them before March, 1875, except one tree, which was cut and hauled April 14, 1875. Calef took the note of Brinley & James, April 15, 1875, for $350, payable to his order in three months, the difference between this and the draw-bill to be adjusted when the lumber should be surveyed. Calef obtained the money on the note at a bank, but it was not paid by Brinley & James at maturity, and he repaid the money, and has retained the note. Brinley & James did not give the notes stipulated for in their contract with the Kennards; and having failed in business, the Kennards, on the 14th of May, 1875, replevied the logs, and obtained judgment by default, September, 1875. Calef claimed a lien on the logs for his draw-bill, and to secure such lien attached them, May 24, 1875. The Kennards rolled the logs into the river, June 1, 1875, Calef forbidding, claiming his lien; and Stevens, who attached the logs for Calef, brought the suit against the Kennards for conversion, August 7, 1875.

The court charged the jury that Calef might have a lien on the logs, under his contract for drawing, if the Kennards cut and delivered them, and if Brinley & James accepted them according to the contract of sale; that if Calef's contract for hauling was entire, he would have a lien for his whole bill on all the logs for sixty days after the completion of the job, and the sixty days would begin to run from the time the one tree was hauled, or not, according as the jury might find that the hauling of that tree was or was not a substantial part of the contract; that if the note was not taken by Calef in payment, and if it was not understood that it was to extend the time of payment of the draw-bill, he did not thereby waive his lien; but if it was understood that day

of payment of the draw-bill was extended to the time the note became due, the lien was waived. The defendants excepted to the charge. Verdict for the plaintiffs.

*C. R. Morrison*, for the plaintiffs.

*Sawyer & Sawyer, Jr.*, and *Cilley*, for the defendants.

ALLEN, J.   If the Kennards delivered the lumber intending to part with their title, and if Brinley & James accepted it, the title passed to them, although the notes mentioned in the contract had not been given. *Kelsea* v. *Haines*, 41 N. H. 246, 253.   The rescinding of the contract, and the taking of the logs in replevin by the Kennards, did not destroy Calef's lien, which was paramount to all other claims except public taxes. Gen. St., c. 125, s. 14.   The vendor's right to rescind contracts of sale and reclaim the property is always subject to the intervening rights of third persons acquired in good faith. *Bradley* v. *Obear*, 10 N. H. 477 ; *Webb* v. *Stone*, 24 N. H. 288.

If the contract for hauling was entire, the plaintiff Calef had a lien on all the logs for the whole price of hauling, for sixty days after the job was completed—*Bean* v. *Brown*, 54 N. H. 395 ; and whether the hauling of the one tree was a part of the same contract, was a question of fact for the jury.   The lien was not waived by taking the note, unless such taking was in payment of the amount due for hauling the logs, or a substitution of a different contract for that to which the lien attached. Gen. St., c. 125, s. 16.   The note was not taken in payment, nor a different contract substituted, unless that was the understanding of the parties at the time. *Elliot* v. *Sleeper*, 2 N. H. 527 ; *Clark* v. *Draper*, 19 N. H. 423 ; *Jaffrey* v. *Cornish*, 10 N. H. 505 ; *Woodward* v. *Miles*, 24 N. H. 289.   The instructions to the jury were correct.

*Judgment on the verdict.*

BINGHAM, J., did not sit.